

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO:

HILDA CARDELLE
Plaintiff

vs.

MIAMI-DADE COUNTY., a Municipal entity.,
J.D Patterson in his official capacity as:
MIAMI-DADE POLICE DEPARTMENT (Director)
(Defendant(s)

_____/

## COMPLAINT
## JURY TRIAL DEMAND

## INTRODUCTION

1.-    Plaintiff , Hilda E. Cardelle (hereinafter referred as "Cardelle") hereby sues defendants MIAMI-DADE COUNTY (hereinafter referred to as the "M-D County")., and in support thereof states as follows:

## NATURE OF THE ACTION

2.-    This action is brought under the Civil Rights lawsuit pursuant to U.S.C §1983 - §14141 for violation of plaintiff rights protected under the Due Process Clause of the Fourteen Amendment of the U.S Constitution  and arises out of the

1

Final Judgment of Forfeiture ended in defendant  (COUNTY) favor on  January 6, 2012, in the Miami-Dade County , Florida.

3.-    On January 6, 2012 a final judgment of forfeiture was granted in the amount of $43,612.43, hereinafter *(the  property),* in violation of Mrs. Cardelle,  protected Constitutional and statutory [Due Process Right]  as well as the  various  other protections outlined on the Bill of Rights.

## JURISDICTION AND VENUE

4.-    This  action  seeks  declaratory  relief,  injunctive  relief  and  compensatory damages pursuant to  42 U.S.C §1983 , for ongoing and threatened injury to the Fourteen Amendment rights and  deprivation of guarantee  Due Process Clause of the Fourteen Amendment of the Constitution.

5.-    Jurisdiction is conferred upon this Court by 28 U.S.C §1331 and §1343(a)(3) because this  is the Judicial District in which a  substantial part of the events or omission given rise to plaintiff claim occurred.

6.-    Plaintiff seeks attorney's fees and costs as prevailing party for these claims pursuant to 28 U.S.C §1988.

7.-    Venue is proper in the Southern District of Florida, Miami Division, under 28 U.S.C §1331(b).  All Defendant's  and Plaintiff reside or are headquartered in the Southern   District the  Defendant is  located,  and  all  of  the  acts  or  omissions complained  of herein have occurred or  occur in the Miami Division. ..

2

## THE PARTIES

8.-    At all times herein  mentioned , Plaintiff is a current resident of Miami-Dade County, Florida. Plaintiff Hilda E. Cardelle is an lawful Citizen  of the United States.

9.-    Defendant , MIAMI-DADE COUNTY, (hereinafter referred to as ("M-D County "),  is, and at all material referred to herein ,  a political subdivision o the State of Florida , with the capacity to sue and be sued.  It is the legal entity responsible for the actions of the Miami-Dade Police Department (hereinafter "MDPD") ., including but not limiting to , its Directors, officers, employees agents and representatives.,  possessed  the power and authority to adopt policies and prescribe rules and regulations and/or  maintained or permitted an official policy or custom or practice , which policies and practices complained of herein damaged plaintiff as herein alleged.

10.-   Defendant, MIAMI-DADE POLICE DEPARTMENT is a political subdivision of the State of Florida, formerly known as the Metro-Dade Police Department, a governmental agency located in Miami Dade.  The department  operate under the power and control of  M-D County.   At all material times mentioned herein, defendant MDPD .,   acting  as its agents and while  under the color of law ,' to wit', under color of statutes, ordinances, regulations,  policies , custom and usages of the M-D County damaged plaintiff as herein alleged.

11.-   At all times mentioned herein, defendant J.D Patterson  (hereinafter Director Patterson) is the Director of the MDPD who succeeded *James Loftus*  ... Miami-Dade Police Director *James Loftus* , *earlier Director  Robert Parker,* on 2012.
Patterson is the  official Director with final policy making authority for the M-D County with respect to law enforcement Case 2009-17268  Recorded on Bk. 27965 Pg. 3149 CFN 21020037575 docketed  on 01/19/2012 page 1 of 2 Miami-Dade Cty,

3

activities performed by the MDPD officers, employees agents and representatives. , Therefore, at all times is material relevant hereto to the allegations in this complaint.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS.

12.-   The name plaintiff bring this suit pursuant to the final judgment of forfeiture rendered in favor of M-D County on January 6, 2012.

13.-   Plaintiff Cardelle bring this action against the M-D County through its Department the MDPD for violation of her guarantee Due Process encompassed by the Fourteen Amendment of the United States' guarantee protection of liberty and property.

14.-   Plaintiff was deprived of $43,612.42 without preceded 'notice'- and meaningful opportunity to be heard in an orderly proceeding instituted under the Florida Contraband Forfeiture Act section §§932.701-932.707 , Florida Statutes (2010) to challenge her ownership interest in the above-style $43,612.42 currency..

15.-   On January 6, 2012 a Final Judgment of Forfeiture was granted in favor of M-D County ., without plaintiff been properly served with Constitutionally 'Notice- and Hearing' to allow Plaintiff to challenge her personal property interest in the above style-currency before judgment was granted in favor of M-D County , thus in clear violation of Plaintiff guaranteed Due Process of Law.

16.-   Up to this point, (January 6, 2012) Plaintiff was optimistic in believing that M-D County would ultimately will return her $43,612.42 , the MDPD former officials while in the course and scope of their duties and functions as officers, agents, employees of Defendant M-D County were acting for, and on behalf of, and

4

with the power and authority vested by them by the M-D County through  Director Patterson they failure or/   intentionally and/or willfully  failure to provide timely Notice to Plaintiff to attend Hearing on January 6, 2012 which resulted in judgment against her.

17.-   Plaintiff was deprived of significant liberty and property interest under the Due Process Clause.

18.-   Defendant's deliberated   intention  to  generate  (Millions  of  Dollars  in Revenues) outside of  its appropriated M-D County budged , intentionally  and/or willfully disregard of consequences,  the MDPD through Director Patterson failure to   properly served 'Notice-and-Hearing to plaintiff who was deprived from  her interest in $43,612.42 on January 6, 2012.

19.-   This unconstitutional practice   upon its face is applicable to Defendant through the Fourteen Amendment of the U.S Constitution  which in fact [is],  the cause of plaintiff Constitutional violation of her guarantee  Due Process  protected Article I Section 22 of the Florida Constitution , in civil   Forfeiture proceeding instituted under Florida's Contraband Forfeiture Act., Florida Statutes §§932. 701-932.707.

20.-   While M-D County   though Director Patterson who's final policies and practices making authority to  MDPD to  perform , "the Department" is authorized to seized and forfeited civil assess   pursuant to the Florida Forfeiture Act sections 932.701-704.

21.-   The MDPD  is in charged to  prosecuting civil assess   –"pursuing a direct financial incentive  from the  outcome of the forfeiture they made.   And using as a excuse to increase their profit  ., [V]iolation of the Florida Contraband Act .,  which practice has turned this tool into a veritable machine of profit  as matter of routine.

22.-   The direct financial stake that these Law-Enforcement Defendant's pursuing poses a conflict of interest , the potential for bias , and the appearance of bias that violate in this case Plaintiff rights to the fair and impartial administration of justice by the due process clause of the Fourteen Amendment.

23.-   Defendants, MDPD  acting under color  of law , maliciously and without providing constitutionally adequate 'Notice-and- Haring to persons deprived of their personal properties., seized and forfeited from thousand of its residents  many of whom are innocent, nor been connected to the specified alleged crime 'as with the name Plaintiff was' their intention to forfeited $43,612.42  as contribution  to obtain revenues to the  Million Average Annual Budget of Revenue of  the M-D County.

24.-   As consequence of MDPD motivation to use the provision of the Florida's Forfeiture Act section 932.701-7004 ., Plaintiff was deprived of her legitimate entitlement to claim  $43,612.42 without  her opportunity to contest the basis from said deprivation at a meaningful time and in a meaningful manner before judgment was rendered against her.

25.-   Plaintiff seek redress for the  violation of the Fourteen Amendment through the operation of 42 U.S.C §1983 , and for the deprivation of  her property interest in $43,612.42  in violation of her guarantee Due Process of Law.

26.-   While is impossible for MDPD to complied with the guidelines set forth in the Miami-Dade Police Handbook Manual without violating state and federal law... Defendant M-D County instructing its member pursuant to its policy, practice , procedure and/or custom to use the provision of the Florida Contraband Forfeiture Act , to seized and forfeited civil assets providing to those, Directors, officers, employees agents and representatives authorization to  use the provision of the Fla.

Stat. 932   to obtain the proceeds collected to supplement funding for authorized purpose.

27.-   Defendant MDPD agent's  while and under direction of  Director Patterson they intentionally have denied,  and plaintiff suffered a Due Process violation.

28.-   Plaintiff was nonetheless aware of the default proceeding and was never afforded a sufficient opportunity to be heard in defense  by a neutral decision-maker who 'could have' 'would have' , and/or  'should have' heard Plaintiff in open Court before  all of  interest , title, or claim  in $43,612.43  was granted on behalf of M-D County. .

29.-   As consequence of such actions Plaintiff  suffered real detriment from her non-attendance at the January 6, 2012 trial.

30.-   [P]laintiff  lost her Constitutionally protected property interest in $43,612.43 without  M-D County, Director Patterson, officers, employees agents and/or representatives  taking any steps to ensure that Plaintiff., Hilda Cardelle , the party against to whom default is sought  was notified of her guarantee rights to be heard at meaningful time and at meaningful manner  before judgment was granted on the name M-D County.

31.-   The law of Due Process requires advance notice of hearing to appraise all the person who will be deprived of life, liberty or property, the right to be heard and defend.  Procedural Due Process under the Fourteen amendment of the United States Constitution guarantees Notice- and-Hearing .,  an opportunity to be heard at a meaningful time and in a meaningful manner, before judgment is rendered..

32.-   This is the 'notice' to which Cardelle is entitled under Due Process and her [S]ettled present  'Cause of Action'.

7

33.-   Which cause of action is enforceable either in State or Federal Court., actionable pursuant to 42 U.S.C §1983 and §14141.

## COUNT I

### *(Derivation of Plaintiff Procedural Due Process Rights to Meaningful Notice and Opportunity to be Heard )*

34.-   Both the Fourteen Amendment and Article 1 Section 9 of the Florida Constitution prohibit state actors from depriving an individual of property without Due Process of Law.  Included within this protection are the rights to Notice and a Hearing when the state deprives an individual of fundamental liberties interest.

35.-   Plaintiff have fundamental property and liberty interest in acquiring , and retaining in ,  her property represented by $43,612.42.

36.-   Defendant's have violated Plaintiff federal and statute Due Process rights by removing and set in aside   Plaintiff from her interest in   $43,612.42 without providing Notice and an opportunity to be heard on whether [$43,612.42 was used in the violation of §§932.701-707 (Florida Statutes 2010).

## COUNT II

### *Deprivation of Rights under the Fourteen Amendments and 42 U.S.C §1983*

37.-   Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations set forth in  each preceding paragraph as if fully set forth herein:

38.-   The wrongful conduct and actions of  Defendants complained of herein was unreasonable , and   done intentionally, willfully , maliciously, with deliberate

indifference and/or with reckless , and demonstrated a deliberate indifference disregard for the natural probable consequences of Plaintiff Constitutional rights.

39.-   Defendant's   M-D County though Director Patterson actions   was done without lawful justification or reason, and was designed to , and did cause specific and serious emotional pain  and suffering to Plaintiff.

40.-   As a result of the above described actions of  Defendant's M-D County through its Director J.D Patterson , are those who were known have engaged in deprivation of Plaintiff Constitutional rights  which misconduct caused  the Plaintiff to be deprived of  $43,612.42.

41.-   As a direct and proximate result of the foregoing, Plaintiff  was subjected to emotional pain , and deprived of her property , and was otherwise damaged and injured.

## COUNT III

### *Violation of  the Fourteen Amendment and 42, U.S.C §1983 and §14141 against Defendant(s) Miami-Dade County , Miami-Dade Police Department and Director J.D Patterson.*

42.-   Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations set forth in  each preceding paragraph as if fully set forth herein:

43.-   Defendant have a policy and/or practice of seizing and forfeited personal property ., without providing property owners 'Notice-and Hearing at which "owners" can challenge , before a neutral arbiter , the basis for the seizure without a later opportunity.

44.-   Defendant's violates Plaintiff Due Process Rights meaningful opportunity to be heard before an impartial Jury Trial and  failure to provide 'some form of Notice-and-Hearing  ... before Plaintiff was finally deprived of a her personal interest in $43,612.42.

45.-   This conduct is excessive and is unreasonable , was done intentionally willfully  maliciously , with deliberate indifference and/or reckless disregard  for the natural and  probable  consequences  of  their  acts ,  was  done  without  lawful justification , and was designed to,  and did cause specific and serious injuries to Plaintiff.

46.-   Defendant's policy and practice violates the Due Process Clause of the Fourteen Amendment.  The  conduct of Defendant's as alleged herein is the direct result of M-D County through Director Patterson final policy and  authority with respect of the  'Miami-Dade Police Handbook Manual'..

47.-   Defendant's  , policies, practices and procedures  set forth in the Miami-Dade Police Handbook Manual., is final policy making authority for MDPD ,  directors , officers, employees agents and representatives to  engages in a pattern , and/or practice of depriving its citizens , of their properties with the intention to generate profit to increment the budged of revenues of the M-D County.

48.-   Defendant's policies  and  practice  as  herein  is  alleged  is  the  direct consequence of defendant M-D County though Director Paterson official final policy which such policies , practices and customs are  unconstitutional as applied , [To the extent that  it allows the forfeiture of personal property  interest as herein is complained without fair Notice-of Judicial Process],  under a little-know legal device called *"forfeiture in rem",*  pursuant to the  Florida  Contraband  Forfeiture Act section 932.701-704 Florida Statutes.

49.- Defendant's MDPD misconduct is characterized herein as an intention to obtain proceeds from Fla. Statute 932. , which Defendant's  Miami Dade Police Handbook Manual policies, practices and or custom infringe   protected Constitutional civil  rights... which at its core the – Defendant's   final policy established the requirement of  ' Notice' – and – Hearing before judgment is rendered.

50.- It  the policy and/or custom of M-D County to inadequately train , supervise and discipline its Directors, officers, employees agents and representatives on their policies and /or  training through the Miami-Dade Police Handbook Manual.

51.- Defendant M-D County failed to train adequately its  Directors, officers employees, agents and representatives and failed to control their actions, and failed to adequately to discipline them and encouraging them to use the  provision of the Forfeiture Act to seized and forfeited personal properties , which superior action or inactions amounts to deliberate indifference or to tacit authorization of the offensive act.

52.- Defendant(s) knew or should have known that such  practices and or customs are unlawful, Defendant's knew or should have known that "they"  would have had the power to prevent the commission of the wrongs, but failed to do so.

53.- Defendant's actions and/or inactions ) causes serious irreparable , and lasting harm to Plaintiff , and Plaintiff will continue to suffer irreparable harm in the absence of relief.

54.- When government regulations , like defendant  M-D County, MDPD trough Director Patterson , policies , practices infringe upon fundamental protected rights, "discriminatory intent is presumed".

55.-    Defendant's violations herein complaining creates on their face a mandatory entitlement for redress

56.-    Defendant(s) were motivated by bias, bad faith, or improper motive.

57.-    Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest.  Defendant's policy, practices and/or customs injury Plaintiff directly or indirectly in her person as herein is alleged .

58.-    Defendant(s) do not enjoy quality governmental immunity, as such immunity is only available for discretionary acts.

59.-    As a direct and proximate result of Defendant(s) actions , policies , and practices the name Plaintiff's have suffered irreparable injury to her constitutional rights, including but not limiting to bring deprived of her property without meaningful opportunity to be heard.

60.-    Declaratory and injunctive relief is necessary to remedy Defendant's unconstitutional conduct of seizing, depriving and forfeiting personal property without a Notice – and Hearing.

61.-    Without appropriate declaratory and injunctive relief, Defendant's unconstitutional policies and practices will continue.

## COUNT III

### *Violation of the Due Process of the Fourteen Amendment,  42, U.S.C §1983 and §14141 against Defendant(s) Miami-Dade County , Miami-Dade Police Department and Director J.D Patterson.*

62.-  Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations set forth in  each preceding paragraph as if fully set forth herein:

63.-   Defendant(s) had a final policing power.  With their actions and/ or  inactions they deprived Plaintiff of her Constitutionally protected property interest, in $43,612.42.

64.-   Defendant(s) policy, practices and or customs violated Plaintiff right to the Due Process right , guaranteed under the Fourteen Amendment of the United States Constitution ., actionable under 42 U.S.C § §1983, and §14141.

65.-   Defendant(s) violations create on their face a mandatory entitled for redress.

66.-   Defendant(s) acted at all times under color of state law.  Defendant's conduct allegedly herein caused Plaintiff to be deprive from Constitutional right and is fairly attributable to Defendant's  actions as herein are alleged.

67.-   Defendant(s) had final policing power.  With their actions and/or inactions, Defendant(s) deprived Plaintiff of her Constitutionally protected personal  interest, ($43,612.42) guaranteed under statutes of Florida.

68.-   The Defendant(s) widespread deprivation of Notice-and Hearing have flourished as a result of, and are directly and proximately cause by ,  policies ,

practices and/or customs devised, implemented and enforced by the M-D County, through its Director Patterson.

69.-   The M-D County , have acted with deliberated indifference to the Constitutional rights of Plaintiff by a) failing to properly monitoring MDPD practices through its director J.D Patterson , b) failing to sufficiently discipline, officers, employees agents and representations c) failing to sufficiently discipline its Directors, officers, employees agents and representatives who engage in Constitutional abuses d) encouraging , sanctioning and failing to rectify the MDPD unconstitutional practices.

70.-   As a direct result of the acts and omission of each of the Defendant's Plaintif Due Process of the Fourteen Amendment have been violated.  By acting under color of state law, to deprived Plaintiff of her state law under the Fourteen Amendment , the Defendant's are in violation of  42 U.S.C §§1983-14141 which prohibits the deprivation under color of state law of rights secured under the United State Constitution.

71.-   Defendant(s) denied plaintiff her fair 'Notice-and-Hearing as herein is complain.   Defendant's and each of them denied Plaintiff her opportunity to be heard and defend in an orderly procedure at a meaningful time and in a meaningful manner and judgment was rendered against her on January 6, 2012 without Plaintiff meaningful opportunity to be heard and defend..

72.-   As consequence of defendant actions , Plaintiff suffered substantial damages, including but not limiting to denial of enjoyment of her property represented by $43,612.42 and extreme metal and emotional distress, , including but not limiting to, extremely mental emotional distress ,  medical bill incurred, lost of homestead, lost of stability support, social rejection, and  denial of enjoyment of life  and family members.

14

## COUNT IV

### *(Intentional Infliction of Mental and Emotional Distress.)*

73.-   Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations set forth in  each preceding paragraph as if fully set forth herein, and further states, that:

74.-   By the actions described above , each and every Defendant's , jointly and severally has committed the wrongful act complained of herein and subjected Plaintiff to the deprivation of rights,  privileges and immunities secured by the Constitution and laws of the United States and the Florida State Law  and inflicted extreme metal and emotional distress.

75.-   The foregoing acts and conduct of Defendant's were committed with malice and are  the direct and proximate cause of injury.,  and damage to Plaintiff and violated the statutory and common law rights as guaranteed by the Constitution and laws of the State of  Florida., and  actionable under 42 U.S.C ., §§1983-14141.

76.-   As a direct and proximate result of the acts of the Defendant's , M-D County, Patterson and MDPD ,  Plaintiff was deprived of her meaningful opportunity to be heard , moreover from her  $43,612.42 in violation of her Due Process of Law , and as consequence of such acts Plaintiff suffer   extreme mental and emotional distress and other damages as well.

77.-   At all times relevant to this complaint , Defendant's conduct, as set forth above, denied  Plaintiff the same rights and privileges as any others citizens n the same or similar  circumstances., including but not limited the right to equal protection  under  the  law  such  as ,  The  right  to  be  secure  in  her  property represented by $43,612.42  and , the right to receive Notice-and  opportunity to be heard.

15

78.-   As a result of the defendant(s) Miami Dade County, J.D Patterson , and Miami-Dade Police Department actions and/or inactions, Plaintiff suffered one or more of the following., Substantial damages, including but not limited to, deprivation of property without Due Process of Law, lost of interest,  enjoyment of property, lost of extrinsic value of her home, and extreme mental and emotional distress.

79.-   WHEREFORE, Plaintiff respectfully request that this Court:

a) Enter a judgment declaring that Defendant's failure to provide Plaintiff with Notice and an opportunity to be heard on whether the above-style currency represented by $43,612.42 was used in violation of Section 932.701-707 , Florida Statutes 2010, violates the right to Due Process guaranteed by the Fourteen Amendment to the United States constitution and Article I section 9 of the Florida Constitution.

b) Enter a judgment against Defendant's M-D County through the MDPD in the amount of $450,000 for violation of  Plaintiff Constitutionally protected right to Due Process, and violation of Plaintiff Constitutionally protected rights to Equal Protection of the Laws

c) That the court ward compensatory damages in the amount of $400,000.00 against Defendant Miami-Dade County through Director J.D Patterson  for violation of the Fourteen Amendment of the United States, Article I Section 9 of the Florida Constitution.

d) Enter a judgment against Defendant's for violation of Plaintiff Constitutionally protected right to Jury Trial., Article I section 22 of the Florida Constitution in civil Forfeitures proceeding instituted under Florida's Contraband Forfeiture Act, section 932.701-704 Florida Statutes.

e) Enter a judgment against Defendant's for the  extreme mental and emotional distress, caused by the repeated violation and deprivation of

plaintiff Constitutional, civil and statutory rights, in more specific terms, the conscious, deliberate, malicious, deliberate and unlawful refusal, interference and denial of Plaintiff applications of Art. I, Section 9 and 22 of the Fourteen Amendment of the United States Constitution.

80.-   That the Court further award such other cost and relief as the Court deems proper including costs and attorney's fees pursuant to 42 U.S.C §1988.

81.-   Defendant(s) are liable in their official and/or individual capacity., pursuant to §§1988-14141.

Plaintiff requests a trial by jury.

Respectfully Submitted.,

Hilda Cardelle.
15241 SW 139 St.
Miami, Fl. 33196.

IT WOULD BE DIFFICULT TO IMAGINE A STATUE MORE CLEARLY DESIGNED "FOR THE PUBLIC GOOD" AND "TO PREVENT INJURY AND WRONG," THAN S, 1983.
Justice William J. Brennan

17